1

2                                                                        O

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MIGUEL GONZALEZ,                    ) NO. CV 10-6140-CAS (MAN)
                                        )
12                  Petitioner,         )
                                        )
13      v.                              ) ORDER DISMISSING PETITION
                                        ) AS SECOND OR SUCCESSIVE
14  MIKE MARTEL,                        ) AND DENYING CERTIFICATE OF
                                        ) APPEALABILITY
15                  Respondent.         )
    _____)
16

17        On August 18, 2010, Petitioner filed a habeas petition, pursuant to

18  28 U.S.C. § 2254 ("Petition").  The Petition is the second Section 2254

19  habeas petition Petitioner has filed stemming from his 2004 rape

20  conviction in the Los Angeles Superior Court (the "Conviction").

21

22        Under the Rules Governing Section 2254 Cases in the United States

23  District Courts, a habeas petition filed by a prisoner in state custody

24  "must" be summarily dismissed "[i]f it plainly appears from the petition

25  and any attached exhibits that the petitioner is not entitled to relief

26  in the district court."   Rule 4, 28 U.S.C. foll. § 2254.   For the

27  reasons set forth below, the Petition must be, and is, DISMISSED as

28  second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On June 20, 2008, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 08-4087-AHS (MAN) (the "First Action"). The First Action petition challenged the Conviction and raised four habeas claims predicated on allegations of the denial of Petitioner's right to call defense witnesses, prosecutorial misconduct (two claims), and ineffective assistance of trial counsel.  The First Action petition also included a motion for DNA testing.[1]  On April 8, 2010, Judgment was entered dismissing the First Action with prejudice, on the ground that it was untimely.  Petitioner did not appeal.

This action is Petitioner's second attempt to obtain Section 2254 habeas relief in connection with the Conviction.  The instant Petition alleges the same four habeas claims that were alleged in the First Action petition, and it includes the same motion for DNA testing.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed

---

[1]      Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of:  the records and files from Petitioner's prior action in this district; and the electronic dockets for the United States Court of Appeals for the Ninth Circuit available through the PACER system.

1    *infra*, courts must dismiss a claim presented in a second or successive

2    petition when that claim was not presented in a prior petition).   "A

3    habeas petition is second or successive . . . if it raises claims that

4    were or could have been adjudicated on the merits" in an earlier Section

5    2254 petition.   McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

6

7         In those instances when Section 2244(b) provides a basis for

8    pursuing a second or successive Section 2254 habeas petition (described

9    below), state habeas petitioners seeking relief in this district must

10   first obtain authorization from the Ninth Circuit before filing any such

11   second or successive petition.   28 U.S.C. § 2244(b)(3).   The Ninth

12   Circuit "may authorize the filing of a second or successive [petition]

13   only if it presents a claim not previously raised that satisfies one of

14   the grounds articulated in § 2242(b)(2)."   Burton v. Stewart, 549 U.S.

15   147, 153, 127 S. Ct. 793, 796 (2007).

16

17        The First Action petition sought Section 2254 relief based on the

18   same 2004 state court conviction challenged in this action, and

19   Petitioner raised the same four claims alleged in the instant Petition.

20   The untimeliness of the First Action petition "presents a 'permanent and

21   incurable' bar to federal review," and thus, the dismissal of the First

22   Action petition "constitutes a disposition on the merits" for purposes

23   of Section 2244(b).   McNabb, 576 F.3d at 1030 (citation omitted).   The

24   present Petition, thus, is second or successive within the meaning of

25   Section 2244(b).   *See id.* (holding "that dismissal of a section 2254

26   habeas petition for failure to comply with the statute of limitations

27   renders subsequent petitions second or successive for purposes of"

28   Section 2244(b)); *in accord* Murray v. Greiner, 394 F.3d 78, 79 (2d Cir.

1  2005); <u>Altman v. Benik</u>, 337 F.3d 764, 766 (7th Cir. 2003).

2

3      Critically, Petitioner has not obtained permission from the Ninth
4  Circuit to bring this second or successive Petition, as required by
5  Section 2244(b)(3).[2]  Permission to file a second or successive petition
6  may be granted only if Petitioner makes a *prima facie* showing that:  (1)
7  the claim relies on a new, and previously unavailable, rule of
8  constitutional law, which the Supreme Court has ordered be made
9  retroactive to collateral proceedings; or (2) the factual predicate of
10 the claim could not have been discovered earlier through the exercise of
11 due diligence, <u>and</u> the facts alleged, if proven, would be sufficient to
12 establish by clear and convincing evidence that, but for the
13 constitutional error claimed, no reasonable fact-finder would have found
14 Petitioner guilty.  *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); <u>McNabb</u>,
15 576 F.3d at 1030.  To pursue a Section 2254 habeas action attacking his
16 Conviction, Petitioner must persuade the Ninth Circuit that at least one
17 these predicates exists for any claim he now wishes to raise.  Based on
18 the nature of the claims alleged in the Petition -- which are the same
19 as the claims found to be untimely in the First Action -- it is
20 difficult to see how Petitioner will be able to satisfy Section
21 2244(b)'s requirements.[3]

22

23      As Petitioner has not obtained permission from the Ninth Circuit to

24 ─────────────────

25     [2]    The Ninth Circuit's dockets show that Petitioner has **not** filed
   any Section 2244(b) application in the Ninth Circuit.
26

27     [3]    The Court notes that, given the untimeliness of the First
   Action, the instant Petition -- raising the same claims already found to
   be untimely -- also would be found untimely if the Court had
28 jurisdiction to consider it.

1  bring a second or successive petition, the instant Petition must be

2  dismissed, because this Court lacks jurisdiction to consider it.   28

3  U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799

4  (district court lacks jurisdiction to consider the merits of a second or

5  successive petition absent prior authorization from the circuit court).

6  Accordingly, IT IS ORDERED that Judgment be entered dismissing this

7  action without prejudice.

8

9      In addition, pursuant to Rule 11(a) of the Rules Governing Section

10  2254 Cases in the United States District Courts, the Court has

11  considered whether a certificate of appealability is warranted in this

12  case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-

13  85, 120 S. Ct. 1595, 1604 (2000).   The Court concludes that a

14  certificate of appealability is unwarranted, and thus, a certificate of

15  appealability is DENIED.

16

17      IT IS SO ORDERED.

18

19  DATED: August 23, 2010

20  _____
                     CHRISTINA A. SNYDER

21                   UNITED STATES DISTRICT JUDGE

22

23  PRESENTED BY:

24

25  _____
                MARGARET A. NAGLE

26  UNITED STATES MAGISTRATE JUDGE

27

28